**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jermaine L. UNDERWOOD,
Defendant–Appellant.**

No. 00–1216.

United States Court of Appeals,
Seventh Circuit.

Argued June 4, 2001.

Decided June 14, 2001.

Before Hon. RIPPLE, Hon. TERENCE T. EVANS, and Hon. WILLIAMS, Circuit Judges.

## ORDER

The only issue on this appeal is whether the defendant, Jermaine Underwood, is entitled to any relief from his federal sentence for cocaine possession in light of last year's Supreme Court decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The short answer to that question is "no."

Just before midnight on a July evening in 1999, a police officer from Allen County (Fort Wayne, Indiana) stopped a vehicle that pulled out of a gas station without having its headlights on. The driver of the car was Jermaine Blue and the passengers were Lane Woodson, Jr. in the front seat and Underwood in the back seat. The officer observed that Underwood was trying to hide something under his buttock. The "something" turned out to be a tennis-ball size substance that a chemist subsequently determined to be crack cocaine. The substance weighed just over 26 grams. Although it's not necessary to resolving this appeal, it's interesting that the car also carried a lot of cash—Blue had $1,950, Woodson had $626, and Underwood had $98. Underwood also had a loaded .45 caliber Springfield Armory semiautomatic pistol inside his left pant leg. These discoveries led to an indictment charging Underwood with possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (count 1); possession with intent to distribute cocaine base "crack," in violation of 21 U.S.C. § 841(a)(1) (count 2); and carrying and possessing a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (count 3). A jury found him guilty on the first gun charge but acquitted him on the second. On the crack cocaine charge he was convicted of the lesser included offense of simple possession.

This case was tried 7 months before *Apprendi* was decided and, as was the custom at the time, not to mention the law in this circuit, the indictment did not charge and the jury did not determine the quantity of the cocaine Underwood possessed. At sentencing, the district judge found the amount of crack cocaine to be 26 grams, much more than the 5 grams necessary to trigger a higher sentence under the federal sentencing guidelines.

We now know that the failure to charge in the indictment that Underwood possessed more than 5 grams of cocaine,

and the failure to have the jury determine if the amount possessed exceeded that level, was error. Because no objection to these matters was made prior to or during the trial, we must decide whether the error was "plain," and it is plain only if it affected Underwood's substantial rights (*i.e.*, that he was actually prejudiced), and whether the deficiencies "seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Nance*, 236 F.3d 820, 826 (7th Cir.2000). And even if all these points are chalked up in Underwood's favor, the error may nevertheless turn out to be harmless unless it is "so fundamental that it cannot be left unremedied." *Nance, supra*, (quoting *Neder v. United States*, 527 U.S. 1, 18, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)).

Underwood's appeal stumbles on the "effected his substantial rights" prong of our analysis. It was uncontested during the trial that the substance Underwood was concealing, if he was concealing anything, weighed 26.07 grams. It would defy common sense to say that the jury would have concluded that less than 5 grams of cocaine was under Underwood's control. Underwood, however, makes much of the fact that during deliberations the jury asked a question about quantity,[1] but it is quite obvious here that that question went to how much crack one would possess for personal use as opposed to distribution. By no stretch of the imagination can the jury's question be read to suggest that anything other than 26 grams of cocaine was in the back seat with Underwood based on the evidence presented in this case.

All this means that Underwood cannot come close to establishing "prejudice" by the failure to charge that he possessed more than 5 grams or that the jury did not return a specific interrogatory regarding the amount of cocaine possessed. If he possessed anything, which the jury found that he did, it was 26 grams. On this point, the evidence is overwhelming.

For these reasons, the judgment of conviction must be affirmed. But we add one footnote. Just after *Apprendi* was decided, his appointed counsel filed an *Anders* brief requesting permission to withdraw and pointing out that there were no meritorious issues for appeal. We declined to accept the *Anders* brief in light of *Apprendi* and asked counsel to file a new brief addressing its significance. Counsel has done so, and we wish to emphasize, in light of our short opinion affirming the conviction here, that this was not all an empty exercise. At the time we ordered briefing in light of *Apprendi*, its contour had not yet been established. With several cases decided since then, *Nance* being the most instructive, we now know that this appeal had no merit. An *Anders* brief today, in a case exactly like this, would in all likelihood be accepted.

AFFIRMED.

---

**1.** The exact question as written by the jury asked:

Transcripts from Officer McDonald and the "Special Officer"

1. in particular, information about the amount of crack-cocaine and their years of experience and training in narcotics.